**FILED**

**10/09/2023**

**U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA

JONATHAN PADILLA,
    Plaintiff,

    -v-

HUGO DIAZ;
HUGE MUSIC GROUP, LLC.,
HUGE MUSIC RECORDING STUDIOS LLC
    Defendants.
_____/

**CIVIL ACTION**

Case Number:   4:23-cv-170-SEB-KMB

**JURY TRIAL DEMANDED**

### COMPLAINT FOR RELIEF AND DAMAGES

Plaintiff, JONATHAN PADILLA (hereinafter "Jonathan" or "Plaintiff"), *Pro Se,* brings this action against Defendants HUGO DIAZ, ("Hugo" or "Defendant"); HUGE MUSIC GROUP, LLC ("Group", "Hugemusic" or "Defendant"); and HUGE MUSIC RECORDING STUDIOS, LLC. ("Studio" or "Defendant"); collectively, ("The Defendants"), based on personal knowledge as to Defendants' actions and upon information and belief as to all other matters as follows:

### I. PARTIES

1.  Plaintiff JONATHAN PADILLA is a natural person and a resident of Broward County, State of Florida.

2.  Defendant, HUGO DIAZ is a natural person and a resident of Floyd County, State of Indiana.

3.  HUGE MUSIC RECORDING STUDIOS, LLC., is a foreign limited liability corporation based in the State of Kentucky authorized to do business in and regularly conducts business in the State of Kentucky.

4.  HUGE MUSIC GROUP, LLC., is a foreign limited liability corporation based in State of Kentucky authorized to do business in and regularly conducts business in the State of Kentucky and Indiana.

## II. JURISDICTION AND VENUE

5.   The Court has jurisdiction under 28 U.S.C. § 1332 in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 exclusive of interest and costs.

6.   Venue is proper in this Court because Defendant Hugo resides in this District. See, 28 U.S.C. §1391(b)(2) and is the owner of HUGE MUSIC GROUP, LLC. and HUGE MUSIC RECORDING STUDIOS, LLC.

## III. FACTUAL ALLEGATIONS

7.    The Defendant HUGE MUSIC GROUP, LLC. is an entity involved with manufacturing and producing music as well as building music recording studios.

8.   Plaintiff invested into HUGE MUSIC GROUP, LLC. with the agreement and promise of a return of investment along with profit amongst other promises.

9.    The Defendant HUGE MUSIC RECORDING STUDIOS, LLC. is a music recording studio Plaintiff invested into with the agreement and promise of a return of investment along with profit.

10.   The Defendant HUGO DIAZ is the owner of both HUGE MUSIC RECORDING STUDIOS, LLC. and HUGE MUSIC GROUP, LLC. and was ultimately responsible for the return of funds with profit to the Plaintiff, which never happened.

## IV. NATURE OF THE CASE

11.    Plaintiff brings this action against the Defendants for breach of contract, unjust enrichment and account stated.

12.    Plaintiff seeks actual, consequential, compensatory, liquidated, nominal and punitive damages, along with declaratory relief, and attorneys' fees and costs.

13.    All conditions precedent to this action have been met or waived.

## V. BACKGROUND

14.    On or about October 30, 2019, Plaintiff and HUGEMUSIC GROUP, LLC. entered into an agreement for Plaintiff to invest $20,000 for HUGEMUSIC GROUP, LLC. to finish completion of a recording studio.

15.    The Agreement called for the Plaintiff to be compensated after the studio opened for business, which never happened even after the studio opened for business.

16.    The studio opened for business March 2020 however the Plaintiff still has not been compensated as of the filing of this instant complaint.

17.    HUGO DIAZ ("Hugo") signed the Agreement as the sole owner of HUGEMUSIC and bore the responsibility of ensuring the agreement would be fulfilled.

18.    The agreement called for a return of initial investment plus a percentage in addition to the initial investment and is attached as **Exhibit "A"**.

19.    HUGEMUSIC and HUGO breached the Agreement by, among other things, failing to pay Plaintiff the minimum requirements owed under the Agreement.

20.    As a direct and proximate result of HUGO and HUGEMUSIC's breaches of the Agreement, Plaintiff has been damaged and is entitled to recover from HUGO and HUGEMUSIC all damages, including monetary obligations owed under the Agreement, compensatory damages and/or other damages, resulting from HUGO and HUGEMUSIC's breaches of the Agreement.

21.    On or about December 08, 2021, Plaintiff and HUGE MUSIC RECORDING STUDIOS, LLC. entered into an agreement for Plaintiff to invest $50,000 for HUGE MUSIC RECORDING STUDIOS, LLC. to build and open a recording studio.

22.    The agreement stated the Plaintiff would receive his investment returned plus half of the revenue generated from the studio, which never happened.

23.    HUGO DIAZ ("Hugo") signed the Agreement as the owner of HUGE MUSIC RECORDING STUDIOS, LLC. and bore the responsibility of ensuring the studio would be completed and the agreement would be followed.

## VI. CAUSES OF ACTION

### COUNT I
### UNJUST ENRICHMENT

24.    Plaintiff realleges and incorporates by reference those paragraphs set out above as though fully set forth herein.

25.    The Defendants received a financial benefit, which was in fact appreciated by the Defendants.

26.    The Defendants accepted the financial benefit.

27.    By virtue of the circumstances surrounding the use of the funds provided by Plaintiff, the Defendants knowingly requested the funds in issue and/or knowingly and voluntarily accepted the benefits bestowed.

28.    It would be inequitable for this Court to allow the Defendants to retain the benefits or to be unjustly enriched at the expense of the Plaintiff or allow the Defendants to retain the value of the funds in issue without repaying the Plaintiff the value of same.

29.    Plaintiff has no adequate remedy at law if the relief sought is not afforded.

**WHEREFORE**, Plaintiff requests this Court: 1) enter a judgment against the Defendant HUGEMUSIC GROUP, LLC. for $50,000 in actual damages, $25,000 in consequential damages, $25,000 in compensatory damages, liquidated, nominal and punitive damages, as well as declaratory relief, and attorneys' fees and costs and such other equitable relief this Court deems just and proper; 2) enter a judgment against the Defendant HUGE MUSIC RECORDING STUDIOS, LLC. for $50,000 in actual damages, $25,000 in consequential damages, $25,000 in compensatory damages, liquidated, nominal and punitive damages, as well as declaratory relief, and attorneys' fees and costs and such other equitable relief this Court deems just and proper; 3) enter a judgment against the Defendant HUGO DIAZ for $100,000 in actual damages, $25,000 in consequential damages, $25,000 in compensatory damages, liquidated, nominal and punitive damages, as well as declaratory relief, and attorneys' fees and costs and such other equitable relief this Court deems just and proper.

## COUNT II
## ACCOUNT STATED

30.    Plaintiff realleges and incorporates by reference those paragraphs set out above as though fully set forth herein.

31.    Before the institution of this action, Plaintiff and Defendants had business transactions between them and on January 16, 2023, they agreed on the resulting balance. **See Exhibit "B"**

32.    Plaintiff rendered a statement of it to the Defendants a copy being attached hereto, and Defendants did not object to the statement. **See Exhibit "B"**

33.    Defendant HUGEMUSIC GROUP, LLC. owes the Plaintiff the principal sum of $50,000 exclusive of interest and fees.

34.    Defendant HUGE MUSIC RECORDING STUDIOS, LLC. owes the Plaintiff the principal sum of $50,000 exclusive of interest and fees.

35.    Defendant HUGO DIAZ owes the Plaintiff the principal sum of $100,000 exclusive of interest and fees.

**WHEREFORE**, Plaintiff requests this Court: 1) enter a judgment against the Defendant HUGEMUSIC GROUP, LLC. for $50,000 in actual damages, $25,000 in consequential damages, $25,000 in compensatory damages, liquidated, nominal and punitive damages, as well as declaratory relief, and attorneys' fees and costs and such other equitable relief this Court deems just and proper; 2) enter a judgment against the Defendant HUGE MUSIC RECORDING STUDIOS, LLC. for $50,000 in actual damages, $25,000 in consequential damages, $25,000 in compensatory damages, liquidated, nominal and punitive damages, as well as declaratory relief, and attorneys' fees and costs and such other equitable relief this Court deems just and proper; 3) enter a judgment against the Defendant HUGO DIAZ for $100,000 in actual damages, $25,000 in consequential damages, $25,000 in compensatory damages, liquidated, nominal and punitive damages, as well as declaratory relief, and attorneys' fees and costs and such other equitable relief this Court deems just and proper.

<u>**COUNT III**</u>
<u>**BREACH OF CONTRACT**</u>

36.    Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

37.    Plaintiff brings this claim on behalf of himself.

38.    On or about October 15, 2019, Plaintiff and HUGEMUSIC GROUP, LLC. entered into an agreement for Plaintiff to invest $20,000 for HUGEMUSIC GROUP, LLC. to finish completion of a recording studio.

39.    The Agreement called for the Plaintiff to be compensated after the studio opened for business, which never happened.

40.   The studio opened for business March 2020 however the Plaintiff still has not been compensated as of the filing of this instant complaint. None of the terms of the agreement have been met by HUGEMUSIC GROUP, LLC.

41.   HUGO DIAZ ("Hugo") signed the Agreement as the sole owner of HUGEMUSIC and bore the responsibility of ensuring the agreement would be followed.

42.   The agreement called for a return of initial investment plus a percentage in addition to the initial investment along with other terms and is attached as **Exhibit "A"**.

43.   HUGEMUSIC and HUGO breached the Agreement by, among other things, failing to pay Plaintiff the minimum requirements owed under the Agreement.

44.   As a direct and proximate result of HUGO and HUGEMUSIC's breaches of the Agreement, Plaintiff has been damaged and is entitled to recover from HUGO and HUGEMUSIC all damages, including monetary obligations owed under the Agreement, compensatory damages and/or other damages, resulting from HUGO and HUGEMUSIC's breaches of the Agreement.

45.   On or about December 20, 2020, Plaintiff and HUGE MUSIC RECORDING STUDIOS, LLC. entered into an agreement for Plaintiff to invest $50,000 for HUGE MUSIC RECORDING STUDIOS, LLC. to build and open a recording studio.

46.   The agreement stated the Plaintiff would receive his investment returned plus half of the revenue generated from the studio, which never happened.

47.   HUGO DIAZ ("Hugo") signed the Agreement as the owner of HUGE MUSIC RECORDING STUDIOS, LLC. and bore the responsibility of ensuring the studio would be completed and the agreement would be followed.

48.    HUGE MUSIC RECORDING STUDIOS, LLC. and HUGO breached the Agreement by, among other things, failing to pay Plaintiff the minimum requirements owed under the Agreement.

49.    As a direct and proximate result of HUGO and HUGE MUSIC RECORDING STUDIOS, LLC. breaches of the Agreement, Plaintiff has been damaged and is entitled to recover from HUGE MUSIC RECORDING STUDIOS, LLC. and HUGO all damages, including monetary obligations owed under the Agreement, compensatory damages and/or other damages, resulting from HUGE MUSIC RECORDING STUDIOS, LLC. and HUGO's breaches of the Agreement.

**WHEREFORE**, Plaintiff requests this Court: 1) enter a judgment against the Defendant HUGEMUSIC GROUP, LLC. for $50,000 in actual damages, $25,000 in consequential damages, $25,000 in compensatory damages, liquidated, nominal and punitive damages, as well as declaratory relief, and attorneys' fees and costs and such other equitable relief this Court deems just and proper; 2) enter a judgment against the Defendant HUGE MUSIC RECORDING STUDIOS, LLC. for $50,000 in actual damages, $25,000 in consequential damages, $25,000 in compensatory damages, liquidated, nominal and punitive damages, as well as declaratory relief, and attorneys' fees and costs and such other equitable relief this Court deems just and proper; 3) enter a judgment against the Defendant HUGO DIAZ for $100,000 in actual damages, $25,000 in consequential damages, $25,000 in compensatory damages, liquidated, nominal and punitive damages, as well as declaratory relief, and attorneys' fees and costs and such other equitable relief this Court deems just and proper.

50.    Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper

purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

A. Finding Defendants liable for breach of their respective Agreements;

B. Ordering Defendants to pay Plaintiff monetary relief as outlined above for all damages incurred by Plaintiff as a result of Defendant's breach of their respective Agreements, including the amount of monetary obligations owed to Plaintiff by Defendants under their respective Agreements;

C. Finding that Plaintiff is entitled to prejudgment and post-judgment interest;

D. That judgment be entered in favor of Plaintiff against the Defendants for actual, consequential, compensatory, liquidated, nominal and punitive damages;

E. That judgment be entered in favor of Plaintiff against HUGE MUSIC GROUP, LLC. for damages in the amount of $150,000.00;

F. That judgment be entered in favor of Plaintiff against HUGE MUSIC RECORDING STUDIOS, LLC. for damages in the amount of 150,000.00;

G. That judgment be entered in favor of Plaintiff against HUGO DIAZ for damages in the amount of $300,000.00;

H. That judgment be entered in favor of Plaintiff against the Defendants for punitive damages;

I.   That the Court award costs and reasonable attorneys' fees; and

J.   That the Court grant such other and further relief as may be just and proper.

### VIII. TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

Dated: October 09, 2023

/s/Jonathan Padilla *Pro Se*
12385 Sw 51st Pl
Cooper City, FL 33330
574-227-2113
jpexpfl@gmail.com