UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| JONATHAN PADILLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-00170-SEB-KMB |
| | ) | |
| HUGO DIAZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTION FOR DEFAULT JUDGMENT OF SUM CERTAIN

Plaintiff Jonathan Padilla, proceeding *pro se*, filed his complaint against

Defendants Hugo Diaz and Huge Music Group, LLC, seeking damages stemming from a

failed business deal under breach of contract, account stated, and unjust enrichment

theories.  Other than returning an executed waiver of service, Mr. Diaz has not otherwise

responded or defended this case; thus, on February 28, 2024, the clerk entered default

against him.  A clerk's entry of default was also entered against Huge Music Group on

that same date for failure to respond or defend.  However, on July 19, 2024, the entry of

default against Huge Music Group was vacated for lack of service, and, on August 14,

2024, the Court granted Mr. Padilla's motion to serve Huge Music Group at a different

address.

Now before the Court is Plaintiff's Motion for Default Judgment of Sum Certain

[Dkt. 22] against both Defendants.  For the reasons that follow, that motion is <u>DENIED</u>

without prejudice.

## Factual Background

Defendant Huge Music Group is a company owned by Defendant Hugo Diaz that is involved with manufacturing and producing music as well as building music recording studios.  On October 30, 2019, Mr. Padilla and Huge Music Group entered into an agreement (the "First Agreement") for Mr. Padilla to invest $20,000 to aid Huge Music Group in completing construction of a recording studio.  The First Agreement, which is attached to the complaint, provided that, after the recording studio opened for business, Mr. Padilla was to be repaid his initial investment plus an additional percentage depending on the date the initial investment was repaid.  Specifically, the First Agreement provided that Mr. Padilla would receive $35,000.00 if repaid by November 1, 2020; $40,000.00 if repaid by November 1, 2021; $45,000.00 if repaid by November 1, 2022; and that, after November 2, 2023, the current amount owed would begin accruing interest at a rate of fifteen percent (15%) per annum until repaid.  The First Agreement further provided that, once the loan was paid in full, Mr. Padilla would receive five percent (5%) of the Huge Music Group's net profits for a period of eight (8) years.  Mr. Diaz signed the Agreement as the sole owner of Huge Music Group.  Although the recording studio opened for business in March 2020, Mr. Padilla was never compensated pursuant to the Agreement.

The complaint further alleges that, on December 8, 2021, Mr. Padilla and Huge Music Recording Studios, LLC entered into an agreement (the "Second Agreement") for Mr. Padilla to invest $50,000 for Huge Music Recording Studio to build and open a recording studio.  The Second Agreement, which is not attached to the complaint,

allegedly provided that Mr. Padilla was to receive his investment returned plus half of the revenue generated from the recording studio.  Mr. Diaz signed the Second Agreement as the owner of Huge Music Recording Studios.  Mr. Padilla was never paid pursuant to the Second Agreement.

Based on these facts, Mr. Padilla alleges claims for unjust enrichment (Count I), account stated (Count II), and breach of contract (Count III).  His complaint seeks damages against Huge Music Group in the amount of $150,000.00 and against Mr. Diaz in the amount of $300,000.00.  In his motion for default judgment, he seeks $150,000.00 plus costs against Mr. Diaz and $500,000.00 plus costs against Huge Music Group.

## I.    Liability

Federal Rule of Civil Procedure 55 creates a two-step process for a party seeking default judgment.  *See VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016).  First, the plaintiff must obtain an entry of default from the Clerk.  Fed. R. Civ. P. 55(a).  "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true."  *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).  Second, after obtaining entry of default, the plaintiff may seek an entry of default judgment.  Fed. R. Civ. P. 55(b).

Here, because the entry of default against Defendant Huge Music has been vacated, Mr. Padilla's motion for default judgment against the company is premature, and therefore must be denied without prejudice.  However, because an entry of default has been entered against Mr. Diaz, we shall proceed to address whether the allegations in the

complaint, when taken as true, establish his liability for the claims alleged against him. For the following reasons, we find that they do not.

Taking all well-pleaded facts as true, the complaint alleges that the First and Second Agreements were made with Huge Music Group and Huge Music Recording Studios, respectively. Although the complaint summarily alleges that Mr. Diaz signed both agreements "as the owner" of each company and therefore "bore the responsibility" of ensuring that the agreements would be fulfilled, the only basis for liability stated in the complaint against Mr. Diaz is liability for the debt of the LLCs. Regardless of whether Indiana or Kentucky law governs this dispute,[1] under either state's law, "owners and agents of corporations and limited liability companies are generally not liable for the debts of the entities." *WaterFurnace Int'l, Inc. v. B&S Sheet Metal Mechanical, Inc.*, No. 1:15-CV-008 JD, 2015 WL 6510446, at *3 (N.D. Ind. Oct. 28, 2015) (citing *Meridian N. Invs. LP v. Sondhi*, 26 N.E.3d 1000, 1004 (Ind. 2015) ("Although a corporation acts only through its agents, officers, shareholders, and employees, it is the corporate entity that is legally responsible for those acts."); *Pazmino v. Bose McKinney & Evans, LLP*, 989 N.E.2d 784, 786 (Ind. Ct. App. 2013) ("A member, a manager, an agent, or an employee of a limited liability company is not personally liable for the debts, obligations, or liabilities of the limited liability company, whether arising in contract, tort, or otherwise …..") (quoting IND. CODE § 23-18-3-3(a)); *accord Smith v. Isaacs*, 777 S.W.2d 912, 913 (Ky. 1989) ("[A]n officer, director or shareholder, when acting as an agent of the

---

[1] Because the result is the same applying Indiana and Kentucky law, we do not engage in a choice of law analysis here.

corporation, is … protected from personal liability for making a contract where acting within his authority to bind the principal.") (emphasis removed); *Morgan v. O'Neil*, 652 S.W.2d 83, 85 (Ky. 1983) ("It is fundamental corporate law that a shareholder is not liable for a debt of the corporation unless extraordinary circumstances exist to impose liability.").

Indiana law permits the corporate veil to be pierced "only where (1) the corporate form is so ignored, controlled, or manipulated that it is merely the instrumentality of another, and (2) the misuse of the corporate form constitutes a fraud or promotes injustice." *Escobedo v. BHM Health Assocs., Inc.*, 818 N.E.2d 930, 934–35 (Ind. 2004). Likewise, under Kentucky law, to pierce the corporate veil, a plaintiff must establish: "(1) domination of the corporation resulting in a loss of corporate separateness *and* (2) circumstances under which continued recognition of the corporation would sanction fraud or promote injustice." *Inter-Tel Techs., Inc. v. Linn Station Properties, LLC*, 360 S.W.3d 152, 165 (Ky. 2012) (emphasis in original).  To the extent that Mr. Padilla's complaint contains any allegations aimed at piercing the corporate veil, they are conclusory, and his motion for default judgment includes no analysis as to how the allegations that he *has* made suffice to establish liability against Mr. Diaz personally.  Accordingly, Mr. Padilla's motion for default judgment against Mr. Diaz must be denied.  That denial is without prejudice and with leave to refile with proper analysis and factual support.

## II.   Damages

Even if the well-pleaded facts in the complaint established Mr. Diaz's liability, Mr. Padilla still would not be entitled to default judgment on damages.  "[O]nce the default

5

has been established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). While the Court must accept as true allegations relating to liability, damages must be proven to a "reasonable certainty." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). A hearing is required to determine damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.*

Mr. Padilla requests default judgment against Mr. Diaz in the amount of $150,000.00 plus costs. In support, he provides his own affidavit reciting that he is owed that amount by Mr. Diaz. However, this affidavit is not enough, standing alone, to support a final default judgment. As stated above, the Court must be able to determine damages "from definite figures contain in the documentary evidence or in detailed affidavits." *Id.* The only definite figures set forth in the exhibits attached to Mr. Padilla's complaint do not match the amounts he seeks in damages and his affidavit does not explain how damages were calculated. *Compare McCleskey v. Eason Construction LLC*, No. 1:21-cv-01250-JPH-DLP, 2021 WL 6297591, at *1 (S.D. Ind. Dec. 20, 2021) (denying without prejudice the plaintiff's motion for default judgment where the plaintiff's affidavit was "unsupported by any exhibits and [did] not explain how damages were calculated"), *with Tr. of Int'l Painters & Allied Trades Local No. 47 v. Mid-States Painting Co.*, No. 1:20-cv-1560-JPH-DLP, 2021 WL 5235113, at *1 (S.D. Ind. Nov. 8, 2021) (holding that damages were established by an affidavit with supporting spreadsheets that itemized damages and summarized the defendant's audited documents)

6

*and Tr. of Ind. Elec. Workers Pension Tr. Fund IBEW v. Darnell, Inc.*, No. 1:19-cv-4301-

JPH-DML, 2020 WL 1852668, at *1–2 (Apr. 13, 2020) (granting default judgment based

on an affidavit and detailed supporting spreadsheet).

**III.    Conclusion**

For the reasons detailed above, Plaintiff's Motion for Default Judgment in Sum

Certain [Dkt. 22] is <u>DENIED</u> without prejudice.

IT IS SO ORDERED.

Date:        8/30/2024

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JONATHAN PADILLA
12385 SW 51st Pl.
Cooper City, FL 33330

Hugo Diaz
4211 Bridge Ct.
Floyds Knob, IN 47119

Huge Music Group, LLC
4211 Bridge Ct.
Floyds Knob, IN 47119