**FILED**

**07/02/2025**

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION**

JONATHAN PADILLA,                                   **JURY TRIAL**

        Plaintiff,

      -v-                                            No:     4:23-cv-00170-SEB-KMB

HUGO DIAZ;
HUGE MUSIC GROUP, LLC.,

        Defendants.
_____/

## VERIFIED AMENDED MOTION FOR DEFAULT JUDGMENT

       Plaintiff, JONATHAN PADILLA (hereinafter "Jonathan" or "Plaintiff"), *Pro Se* hereby moves this Court for an entry of a Judgment by Default against Defendant HUGO DIAZ, ("Hugo" or "Defendant") and in support states as follows:

       1. Plaintiff filed this adversary proceeding against the Defendants seeking a judgment against for actual damages, consequential damages, compensatory damages, liquidated, nominal and punitive damages totaling $300,000.00, as well as declaratory relief, and attorneys' fees and costs and such other equitable relief this Court deems just and proper.

       2. Service was made by summons issued on November 28, 2023, on Defendant Hugo, in compliance with the Federal Rules of Civil Procedure Rule 04. **See D.E. [16]**

       3. Service was completed on the Defendant Hugo on December 13, 2023. **See D.E. [17]**

       4. Defendant submitted a Waiver of Service December 13, 2023. **See D.E. [17]**

       5. Defendant was required to submit a responsive pleading by January 27, 2024. **See D.E. [17]**

       6. No extension of time was sought by the Defendant.

       7. Defendant failed to file a responsive pleading or motion to the Complaint.

8. Plaintiff filed a Motion for Default and Default Judgment against Defendants on January 27, 2024, which was denied without prejudice. **See D.E. [33]** As to Huge Music Group ("HMG"), the Default was vacated due to service issues and as to Hugo was vacated due to lack of facts to establish personal liability.

9. Plaintiff now submits this Amended Motion for Default Judgment as to Hugo with facts establishing Hugo's personal liability.

10. As will be shown, extraordinary circumstances exist to impose liability against Hugo. The corporate form was so ignored, controlled, or manipulated that it was merely the instrumentality of another and the misuse of the corporate form constitutes fraud or promotes injustice. *Escobedo v. BHM Health Assocs., Inc.*, 818 N.E.2d 930, 934-35 (Ind. 2004).

11. In this case there was domination of the corporation resulting in a loss of corporate separateness and circumstances under which continued recognition of the corporation would sanction fraud or promote injustice. *Inter-Tel Techs., Inc. v. Linn Station Properties, LLC*, 360 S.W.3d 152, 165 (Ky. 2012) (emphasis in original).

12. As outlined in the Plaintiff's Affidavit of Huge Music Group, LLC. Operations, filed concurrently with this Amended Motion, personal funds and business funds were consistently comingled with business and personal expenses being paid from the same personal bank account.

    **I.    Liability**

13. It is easy to see from the bank statements attached as **Exhibit "A",** that HMG was consistently undercapitalized and the revenues generated were used for personal as well as business expenses.

14. HMG never held any corporate meetings, failed to maintain any corporate records and failed to observe any required corporate formalities.

15. The Wesbanco bank statements attached as Exhibit "A" show that all business income and expenses were handled through Hugo's personal checking account at Wesbanco.

16. Therefore, there was no separation of funds between Hugo Diaz ("Hugo") and HMG as the funds were always comingled.

17. Clients of HMG paid for services via cash, which would be deposited via ATM or via cashapp or Applepay, which would be transferred into the personal bank account for Hugo at Wesbanco.

18. Business expenses for the HMG office/studio space was paid from the same personal WesBanco account as reflected in the $1,000.00 check on Exhibit "A" page 3.

19. Business expenses for HMG business subscriptions were paid from the same personal WesBanco account as reflected on Exhibit "A" such as Shopify, Future Audio, Facebook Ads (FACEBK ADS), DRI Avid Technology, Epidemic Sound, FS Antarestech, Airbender, TIKTOK, Adobe, Slate Digital, Next Insurance, BRG Holdings and Downing Vending.

20. This same personal WesBanco account reflects business expense payments to studio engineers of HMG such as Muhie on shown Exhibit "A" page 3 since there was no other account used for HMG business.

21. This same WesBanco account was used to pay for food and auto payments to Capital One as reflected in Exhibit "A".

22. The bank statements are prima facie evidence of the domination of the corporation resulting in a loss of corporate separateness and the circumstances under which continued recognition of the corporation would promote injustice. *Inter-Tel Techs., Inc. v. Linn Station Properties, LLC*, 360 S.W.3d 152, 165 (Ky. 2012) (emphasis in original).

23. We can see here the corporate form is so ignored, controlled or manipulated that it is merely the instrumentality of another, and the misuse of the corporate form promotes injustice. *Escobedo v. BHM Health Assocs., Inc.*, 818 N.E.2d 930, 934-35 (Ind. 2004).

**II.   Damages**

24. The total damages in the amount of $300,000.00 herein consistent of: A. actual funds invested by Plaintiff ($70,000.00); B. the promised return on the investment agreed upon by the parties ($59,270.00); C. the lost revenues; and D. Punitive and Compensatory damages ($170,730.00).

25. Plaintiff has concurrently filed a document titled Plaintiff's Affidavit of Damages further detailing these items including exhibits with a spreadsheet.

26. Plaintiff therefore respectfully moves this Honorable Court to enter a Default Judgment against the Defendant Hugo Diaz above for failure to respond and for damages in the amount of $300,00.00 as outlined above.

**Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged are true, to the best of my knowledge and belief.**

**WHEREFORE**, Plaintiff, JONATHAN PADILLA, *Pro Se* respectfully requests this Honorable Court enter an Order of Default Judgment against the Defendant HUGO DIAZ in the amount of THREE HUNDRED THOUSAND AND 00/00 DOLLARS ($300,00.00) and any other relief the court deems fair and just.

Dated: July 02, 2025

Respectfully submitted by:

/s/Jonathan Padilla *Pro Se*
12385 Sw 51st Pl
Cooper City, FL 33330
574-227-2113
jpexpfl@gmail.com

## **CERTIFICATE OF SERVICE**

    A true and correct copy of the foregoing has been sent by either electronic transmission or U.S. Mail on July 2, 2025, to:

| | | |
|---|---|---|
| Hugo Diaz | Huge Music Group LLC | /s/Jonathan Padilla *Pro Se* |
| 4211 Bridge Court | 520 S 4th St Ste 400 | 12385 Sw 51st Pl |
| Floyds Knobs, IN 47119 | Louisville, KY 40202 | Cooper City, FL 33330 |
| 812-987-1647 | | 574-227-2113 |
| hugohugemusic@gmail.com | | jpexpfl@gmail.com |