UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JONATHAN PADILLA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-cv-00170-SEB-KMB |
| ) | |
| HUGO DIAZ, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT**

On November 16, 2023, Plaintiff Jonathan Padilla, proceeding *pro se*, filed his third amended complaint (the "Complaint") against Defendants Hugo Diaz and Huge Music Group, LLC, seeking damages stemming from a failed business deal under breach of contract, account stated, and unjust enrichment theories. The Court entered default against Defendant Hugo Diaz on February 28, 2024, and against Defendant Huge Music Group LLC ("Huge Music") on February 12, 2026, for failure to respond or defend. Now before the Court are Plaintiff's Motions for Default Judgment against Defendant Diaz [Dkt. 37] and Defendant Huge Music Group [Dkt. 71].

**Factual Background**

Defendant Huge Music Group is a limited liability company whose sole member is Defendant Hugo Diaz. Dkt. 14 ¶¶ 3–4. At all times relevant to this litigation, Huge Music Group was involved in the business of manufacturing and producing music as well as building music recording studios. *Id.* ¶ 10. On October 30, 2019, Mr. Padilla and Huge Music Group entered into an agreement (the "First Agreement") for Mr. Padilla to

1

invest $20,000 to aid Huge Music Group in completing construction of a recording studio. *Id.* ¶ 17. The First Agreement, which is attached to the Complaint, provided that, after the recording studio opened for business, Mr. Padilla was to be repaid his initial investment plus an additional percentage depending on the date the initial investment was repaid. Specifically, the First Agreement provided that Mr. Padilla would receive $35,000.00 if repaid by November 1, 2020; $40,000.00 if repaid by November 1, 2021; $45,000.00 if repaid by November 1, 2022; and that, after November 2, 2023, the current amount owed would begin accruing interest at a rate of fifteen percent (15%) per annum until repaid. Dkt. 14-1. The First Agreement further provided that, once the loan was paid in full, Mr. Padilla would receive five percent (5%) of the Huge Music Group's net profits for a period of eight (8) years. *Id.* Mr. Diaz signed the Agreement as the sole owner of Huge Music Group. *See id.* Although the recording studio opened for business in March 2020, Mr. Padilla was never compensated pursuant to the Agreement. Dkt. 14 ¶ 19.

The Complaint further alleges that, on December 8, 2021, Mr. Padilla and Huge Music Recording Studios, LLC, a limited liability company of which Mr. Padilla and Mr. Diaz are the only two members, entered into an agreement (the "Second Agreement") for Mr. Padilla to invest $50,000 for Huge Music Recording Studios to build and open a recording studio. *Id.* ¶ 24. The Second Agreement, which is not attached to the Complaint, allegedly provided that Mr. Padilla was to receive his investment returned plus half of the revenue generated from the recording studio. *Id.* ¶ 25. The Complaint alleges that Mr. Diaz signed the Second Agreement as the owner of Huge Music

Recording Studios. *Id.* ¶ 26. Mr. Padilla was never paid pursuant to the Second Agreement. *Id.* ¶ 25.

Based on these facts, Mr. Padilla alleges claims against Defendants for unjust enrichment (Count I), account stated (Count II), and breach of contract (Count III). His complaint seeks damages against Huge Music Group in the amount of $150,000.00 and against Mr. Diaz personally in the amount of $300,000.00. In his motions for default judgment, he seeks $300,000.00 against Mr. Diaz and $300,000.00 against Huge Music Group.

## I.     Liability

Federal Rule of Civil Procedure 55 creates a two-step process for a party seeking default judgment. *See VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). First, the plaintiff must obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Second, after obtaining entry of default, the plaintiff may seek an entry of default judgment. Fed. R. Civ. P. 55(b).

Here, because entries of default has been entered against Mr. Diaz and Huge Music Group, we shall proceed to address whether the allegations in the Complaint, when taken as true, establish their liability for the claims alleged against them.

### A.  Defendant Diaz

Taking all well-pleaded facts as true, the Complaint alleges that the First and Second Agreements were made with Huge Music Group and Huge Music Recording

3

Studios, respectively. Although the Complaint summarily alleges that Mr. Diaz signed both agreements "as the owner" of each company and therefore "bore the responsibility" of ensuring that the agreements would be fulfilled, the only basis for liability stated in the Complaint against Mr. Diaz is liability for the debt of the LLCs. Regardless of whether Indiana or Kentucky law governs this dispute,[1] under either state's law, "owners and agents of corporations and limited liability companies are generally not liable for the debts of the entities." *WaterFurnace Int'l, Inc. v. B&S Sheet Metal Mechanical, Inc.*, No. 1:15-CV-008 JD, 2015 WL 6510446, at *3 (N.D. Ind. Oct. 28, 2015) (citing *Meridian N. Invs. LP v. Sondhi*, 26 N.E.3d 1000, 1004 (Ind. 2015) ("Although a corporation acts only through its agents, officers, shareholders, and employees, it is the corporate entity that is legally responsible for those acts."); *Pazmino v. Bose McKinney & Evans, LLP*, 989 N.E.2d 784, 786 (Ind. Ct. App. 2013) ("A member, a manager, an agent, or an employee of a limited liability company is not personally liable for the debts, obligations, or liabilities of the limited liability company, whether arising in contract, tort, or otherwise ….") (quoting IND. CODE § 23-18-3-3(a)); *accord Smith v. Isaacs*, 777 S.W.2d 912, 913 (Ky. 1989) ("[A]n officer, director or shareholder, when acting as an agent of the corporation, is … protected from personal liability for making a contract where acting within his authority to bind the principal.") (emphasis removed); *Morgan v. O'Neil*, 652 S.W.2d 83, 85 (Ky. 1983) ("It is fundamental corporate law that a shareholder is not liable

---

[1] Because the result is the same applying Indiana and Kentucky law, we do not engage in a choice of law analysis here.

4

for a debt of the corporation unless extraordinary circumstances exist to impose liability.").

Indiana law permits the corporate veil to be pierced "only where (1) the corporate form is so ignored, controlled, or manipulated that it is merely the instrumentality of another, and (2) the misuse of the corporate form constitutes a fraud or promotes injustice." *Escobedo v. BHM Health Assocs., Inc.*, 818 N.E.2d 930, 934–35 (Ind. 2004). Likewise, under Kentucky law, to pierce the corporate veil, a plaintiff must establish: "(1) domination of the corporation resulting in a loss of corporate separateness *and* (2) circumstances under which continued recognition of the corporation would sanction fraud or promote injustice." *Inter-Tel Techs., Inc. v. Linn Station Properties, LLC*, 360 S.W.3d 152, 165 (Ky. 2012) (emphasis in original).

This is the second motion for default judgment that Mr. Padilla has filed against Mr. Diaz in this case. We denied Mr. Padilla's first motion without prejudice, holding that, "to the extent that Mr. Padilla's complaint contains any allegations aimed at piercing the corporate veil, they are conclusory, and his motion for default judgment includes no analysis as to how the allegations that he *has* made suffice to establish liability against Mr. Diaz personally." Dkt. 33 at 5. We permitted Mr. Padilla to refile his motion "with proper analysis and factual support." *Id.* Having now reviewed Mr. Padilla's second request for default judgment against Mr. Diaz, we find that it fares no better than his first.

"The standard for showing that the corporate form was disregarded is exacting." *Delange v. Curbow*, No. 2:06-CV-379-PPS-APR, 2010 WL 1936202, at *3 (N.D. Ind. May 12, 2010) (citing *Nat'l Soffitt & Escutcheons, Inc. v. Superior Sys., Inc.*, 98 F.3d 262,

5

265 (7th Cir. 1996) ("The burden of proof falls on the party seeking to pierce the corporate veil to establish that the corporate form was so ignored, controlled or manipulated that it was merely the instrumentality of another and that the misuse of the corporate form would constitute a fraud or promote injustice.")).  As we previously discussed, the Complaint does not contain sufficient well-pled allegations, even taken as true, to establish that Huge Music Group was Mr. Diaz's alter ego or other allegations that would warrant piercing the corporate veil.  In support of his second motion for default judgment, Mr. Padilla has submitted a single unauthenticated document to support his "piercing the corporate veil" theory, which document purports to be a record from Mr. Diaz's personal bank account listing 30 days of transactions from June 1, 2023 to July 1, 2023.  Mr. Padilla contends that this document reflects over that period of time the commingling of personal and business expenses and the undercapitalization of Huge Music Group.  Even assuming this all to be true, it is still not sufficient to meet the high standard required to show the disregard of the corporate form to support a "piercing the corporate veil" theory of recovery.

     Nor has Mr. Padilla shown that Mr. Diaz can be held personally liable on any other basis.  In support of his second motion, Mr. Padilla has submitted an affidavit in which he claims that, on December 4, 2019, Mr. Diaz, "as an individual, made a verbal agreement with [Mr. Padilla] to invest an additional $50,000 into the studio space to pay for equipment, materials and labor to complete the second studio room for the business to be able to open its doors and in return, [Mr. Padilla] would be 50% owner in the company.  These funds were invested and the business opened on or about March 1, 2020." Dkt. 38

¶ 11.  However, the Complaint does not include these allegations, and the Court cannot award relief beyond that which is sought in the Complaint.

For these reasons, Mr. Padilla's motion for default judgment against Mr. Diaz must be denied.

### B.  Defendant Huge Music Group

We turn next to address Mr. Padilla's motion for default judgment against Defendant Huge Music Group.  To prevail on a breach of contract claim, under Indiana law, a plaintiff must establish (1) the existence of a contract; (2) a breach of that contract by the defendant; and (3) damages suffered by the plaintiff as a result of the defendant's breach.  *Collins v. McKinney*, 871 N.E.2d 363, 370 (Ind. Ct. App. 2007).  Mr. Padilla has shown the existence of a contract with Huge Music Group by attaching the October 30, 2019 financing agreement to the Complaint, which is signed by Mr. Padilla and Mr. Diaz, on behalf of Huge Music Group.  The purpose of the contract was for Mr. Padilla to provide financing to Huge Music Group, and, in exchange, Huge Music Group was to repay Mr. Padilla with interest, share a percentage of the profits of the business, and provide certain branding and marketing services to Mr. Padilla.  Mr. Padilla provided the financing, but Huge Music Group never repaid Mr. Padilla nor fulfilled its other duties under the contract.  Mr. Padilla has suffered damages in the amount of the unpaid principal, plus interest, as well as lost profits and potentially damages related to lost

business opportunities. These facts are sufficient to state a claim for breach of contract (Count III) against Huge Music Group.[2]

The facts alleged in the Complaint also state a claim for account stated (Count II) against Huge Music Group. "An account stated is an agreement between the parties that all items of an account and balance are correct, together with a promise, expressed or implied to pay the balance." *MHC Surgical Center Assocs., Inc. v. State Office of Medicaid Policy and Planning*, 699 N.E.2d 306, 309 (Ind. Ct. App. 1998). In order to recover on a theory of account sated, "there must have been prior dealings between the parties, and after an examination of all the items by each of the parties, they must have mutually agreed upon the items of the account, and that the balance struck is just and due from the party against whom it is stated." *American Seeds, LLC v. Daily Feed & Grain, Inc.*, No. 1:16-cv-00371-MPB-JMS, 2018 WL 397238, at *4 (S.D. Ind. Jan. 12, 2018) (citing *Jasper Corp. v. Manufacturers' Appraisal Co.*, 287 N.E.2d 781, 782 (Ind. App. Ct. 1972)). "An agreement that the balance is correct may be inferred from delivery of the statement and the account debtor's failure to object to the amount of the statement within

---

[2] The Complaint also alleges a claim for unjust enrichment against Huge Music Group (Count I). Unjust enrichment is an equitable doctrine which permits recovery "where the circumstances are such that under the law of natural and immutable justice, there should be a recovery." *Zoeller v. East Chicago Second Century, Inc.*, 904 N.E.2d 213, 220 (Ind. 2009) (citation and quotation marks omitted). "To prevail on a claim of unjust enrichment, a claimant must establish that a measurable benefit has been conferred on the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust." *Id.* However, "'[w]hen the rights of parties are controlled by an express contract, recovery cannot be based on a theory implied in law.'" *Id.* at 221 (quoting *Keystone Carbon Co. v. Black*, 599 N.E.2d 213, 216 (Ind. Ct. App. 1992)). Because we have held here that Mr. Padilla is entitled to default judgment against Huge Music Group on his breach of contract claim, he is not also entitled to recovery under an unjust enrichment theory.

a reasonable amount of time." *Auffenberg v. Bd. of Trustees of Columbus Reg. Hosp.*, 646 N.E.2d 328, 331 (Ind. Ct. App. 1995). "Once a *prima facie* case is made on an account stated, the burden of proof shifts to the account debtor to prove that the amount claimed is incorrect." *Id.*

Here, Mr. Padilla alleges that prior to the institution of this action, he had engaged in business transactions with Huge Music Group, including the execution of the October 30, 2019 financing agreement. On January 16, 2023, Mr. Padilla rendered a statement to Huge Music Group regarding an outstanding balance of $50,000, exclusive of interest and costs. Mr. Padilla further alleges that Huge Music Group did not object to the account statement, thereby evidencing its agreement that the balance is correct. These facts are sufficient to make a *prima facie* case on an account stated.

For these reasons, Mr. Padilla is entitled to default judgment against Huge Music Group on his breach of contract and account stated claims.

## II.     Damages

Having determined that Mr. Padilla is entitled to a default judgment against Huge Music Group, we turn next to consider the damages to which Mr. Padilla is entitled. "[O]nce the default has been established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). While the Court must accept as true allegations relating to liability, damages must be proven to a "reasonable certainty." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). A hearing is required to determine damages unless "the amount

claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.*

Mr. Padilla requests default judgment against Huge Music Group in the amount of $300,000, which includes "A. actual funds invested by Plaintiff ($70,000.00); the promised return on the investment agreed upon by the parties ($59,270.00); C. the lost revenues; and D. Punitive and Compensatory damages ($170,730.00)." Dkt. 41 at 4.  In support, Mr. Padilla provides his own affidavit reciting that he is owed these amounts by Huge Music Group.  Mr. Padilla has also attached to his motion various invoices for products that he claims to have purchased for the music studio.  However, his affidavit and the accompanying documents are not enough to support a final default judgment in the amount requested.

As stated above, the Court must be able to determine damages "from definite figures contain in the documentary evidence or in detailed affidavits." *Id.*  The only definite figures set forth in the exhibits attached to Mr. Padilla's complaint do not match the amounts he seeks in damages and his affidavit does not adequately explain how damages were calculated or provide any rationale substantiating the component amounts. *See In re Catt*, 368 F.3d at 793 ("The party moving for default judgment must establish an entitlement to the relief sought.").  For these reasons, a hearing is required to determine damages in this case.

### III.   Conclusion

For the foregoing reasons, Plaintiff's Motion for Default Judgment [Dkt. 37] against Defendant Hugo Diaz is <u>DENIED</u>.  Plaintiff's Motion for Default Judgment as to

10

Defendant Huge Music Group [Dkt. 41] is <u>GRANTED</u> as to liability.  United States Magistrate Judge Kellie M. Barr is hereby designated pursuant to 28 U.S.C. § 636(b)(1)(B) to hold an evidentiary hearing and issue proposed findings and recommendations regarding the appropriate damages to be awarded against Defendant Huge Music Group, LLC.

      IT IS SO ORDERED.

Date:    2/27/2026

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JONATHAN PADILLA
12385 SW 51st Pl.
Cooper City, FL 33330

Hugo Diaz
4211 Bridge Ct.
Floyds Knob, IN 47119

Huge Music Group, LLC
4211 Bridge Ct.
Floyds Knob, IN 47119