UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| JONATHAN PADILLA,<br><br>Plaintiff,<br><br>v.<br><br>HUGO DIAZ Clerk's Entry of Default entered 2/28/2024,<br>HUGE MUSIC GROUP, LLC. Clerk's Entry of Default Entered on 2/12/2026,<br><br>Defendants. | ) | No. 4:23-cv-00170-SEB-KMB |

**ORDER ON PLAINTIFF'S RULE 72 OBJECTION**

This matter is before the Court on self-represented Plaintiff Jonathan Padilla's ("Mr. Padilla" or "Plaintiff") objection to the Magistrate Judge's decision denying his Motion for Leave to File a Fourth Amended Complaint. Dkt. [66]. For the reasons that follow, we **OVERRULE** Mr. Padilla's objection to the Magistrate Judge's decision.

**BACKGROUND**

This litigation has pended on our docket for more than three years. Mr. Padilla, who is proceeding *in forma pauperis*, brought this breach-of-contract action on October 9, 2023, against Huge Music Group, LLC ("Huge Music") and Hugo Diaz ("Mr. Diaz") (collectively "Defendants") pursuant to the court's diversity jurisdiction. Dkt. 1. We screened and dismissed without prejudice Mr. Padilla's first two complaints for failure to properly allege complete diversity of citizenship between the parties. On November 16, 2023, Mr. Padilla filed his third amended complaint, which became the operative pleading. Dkt. 14.

The longevity of this case on our docket is attributable in part to long stretches of silence from Mr. Padilla. On February 20, 2024, following a nearly four-month period during which

neither Defendant appeared or defended in this case, Mr. Padilla filed a barrage of purported default motions, including a motion for entry of default and a motion for default judgment. Dkts. 22, 24. On February 28, 2024, we directed the clerk to enter default against both Defendants, pursuant to Federal Rule of Civil Procedure 55(a), and held Mr. Padilla's motion for default judgment under advisement. Dkt. 25. On July 19, 2024, acting *sua sponte* we vacated the entry of default against Huge Music after it came to our attention that service had not been properly effected prior to the entry of default. Dkt. 29. On July 24, 2024, we directed the clerk to reissue service. Dkt. 32. On August 30, 2024, we denied without prejudice Mr. Padilla's February 20th motion for default judgment, holding that default judgment against Huge Music was premature since no entry of default had occurred. Dkt. 33 at 3. We further determined that default judgment against Mr. Diaz was not warranted because the factual allegations pled in the Third Amended Complaint did not entitle Mr. Padilla to the damages he sought. *Id.* at 5–7.

Thereafter more than five months elapsed without further efforts by Mr. Padilla to prosecute this case. Thus, on January 31, 2025, we ordered Mr. Padilla to show cause why the case should not be dismissed for failure to prosecute. Dkt. 34. Mr. Padilla responded on February 5, 2025, citing his recent heart procedure as the cause for his inattention; however, he again failed to file anything until July 2, 2025, following our order requiring him to proceed with seeking a final resolution of this litigation or risk its dismissal for failure to prosecute. Dkts. 36, 37. (Thereafter, Mr. Padilla renewed his motion for default judgment, but only against Mr. Diaz.) More than six months later, on January 9, 2026, a *second* show cause order was issued requiring Mr. Padilla to explain why his claims against Huge Music should not be dismissed for failure to prosecute. Dkt. 39.

On January 20, 2026, Mr. Padilla filed his response to the show cause order along with his motion for entry of default against Huge Music. Dkts. 40, 41. On February 12, 2026, we granted Mr. Padilla's motion, entering a default against Huge Music that same day. Dkts. 42, 43. Two weeks later, on February 27, 2026, we denied Mr. Padilla's (second) motion for default judgment against Mr. Diaz for lack of evidence supporting Mr. Padilla's "piercing the corporate veil" theory of recovery, and granted his motion against Huge Music as to liability. Dkt. 44. An evidentiary hearing regarding damages against Huge Music was promptly scheduled for May 2026, despite multiple continuances sought by Mr. Padilla thereafter which resulted in the hearing being calendared for September 2026. Dkts. 46, 47, 57. Meanwhile, on July 10, 2026, Mr. Padilla sought leave to file a fourth amended complaint in order to add/modify his claims against Mr. Diaz. Dkt. 55. Mr. Padilla's motion for leave to amend was referred to the Magistrate Judge.

On September 23, 2026, Magistrate Judge Barr conducted an evidentiary hearing regarding the appropriate damages against Huge Music, during which proceeding she orally denied Mr. Padilla's motion for leave to file his fourth amended complaint. Dkt. 65 at 2. Four days later, on September 27, 2026, Mr. Padilla filed an objection to the Magistrate Judge's order denying leave to amend. Dkt. 66. The Magistrate Judge issued her Report and Recommendation on Mr. Padilla's damages against Huge Music. Dkt. 70.

## LEGAL STANDARD

A district judge may refer to a magistrate judge non-dispositive pretrial motions, such as a motion for leave to file an amended complaint, under Federal Rule of Civil Procedure 72(a). In reviewing non-dispositive motions referred to the magistrate judge, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly

erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Ind. Airport Auth. v. Travelers Prop. Cas. Co. of Am.*, No. 1:13-cv-01316, 2017 WL 5494047, at *1 (S.D. Ind. Nov. 16, 2017). The standard set out by this Rule is very deferential to the magistrate judge, and a district court will overturn the magistrate judge's decision only if the court "is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

## DISCUSSION

Mr. Padilla contends that the Magistrate Judge's denial of his leave to amend was contrary to law in the following respects: (1) the Magistrate Judge erroneously applied Federal Rule of Civil Procedure 54(c), and (2) the Magistrate Judge misapplied Rule 15(a)(2). We address each argument below.

### I. Application of Federal Rule of Civil Procedure 54(c)

The Magistrate Judge's decision denying Mr. Padilla's motion for leave to file a fourth amended complaint was based on Federal Rule of Civil Procedure 54(c), which states, in pertinent part, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The Magistrate Judge reasoned that the third amended complaint, on which default judgment had been granted, was the operative pleading and that any damages awarded against Huge Music could not differ from those raised in said pleading. Dkt. 65 at 2. Mr. Padilla challenges this reasoning as erroneous, arguing that Rule 54(c) does not address a plaintiff's ability to file an amended complaint which advances additional

claims against a party against whom default has not been entered.[1] Dkt. 66 at 3–4, ¶¶ 6–8. For the reasons explained below, we find Mr. Padilla's argument to be unavailing.

It is well established that an amended complaint replaces and supersedes its predecessor. *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998). *See also Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999) ("[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward."). District courts within our circuit have repeatedly found that filing an amended complaint will moot any prior entry of default. *See, e.g.*, *MHF Opco, LLC v. Drexler*, No. 22-cv-707, 2024 WL2924230, at *2 (W.D. Wis. June 10, 2024) ("[T]he filing of an amended complaint will render moot an entry of default and any subsequent motion for default judgment against a party whose default was based on the original case.") (collecting cases); *N. Am. Van Lines, Inc. v. N. Am. Moving & Storage, Inc.*, No. 1:18-CV-196-HAB, 2020 WL 703178, at *2 (N.D. Ind. Feb 10, 2020) ("The Amended Complaint, which became the operative pleading, rendered moot the request for default judgment on the original Complaint.").

Mr. Padilla maintains that, as his fourth amended complaint only asserts new claims against Mr. Diaz, the entry of default against Huge Music will be left untouched. Dkt. 66 at 3, ¶ 7. Mr. Padilla is mistaken. An entry of default will still be rendered moot even if the plaintiff asserts new claims solely against a non-defaulted party. *MHF Opco, LLC*, No. 22-cv-707, 2024

[1] Specifically, Mr. Padilla seeks leave to amend his complaint (again) to add a claim of piercing the corporate veil in order to attempt to hold Mr. Diaz personally liable. Dkt. 55 at 2, ¶ 8 ("[T]he proposed amended adds specific, non-conclusory factual allegations supporting Plaintiff's request to pierce the corporate veil and hold Mr. Diaz personally liable for the obligations of Huge Music Group . . . ."). Our previous order denying default judgment against Mr. Diaz noted the absence of these allegations in Mr. Padilla's Third Amended Complaint, which foreclosed a recovery given that "the Court cannot award relief beyond that which is sought in the Complaint." Dkt. 44 at 7.

WL 2924230, at *3 (W.D. Wis. June 10, 2024) ("[T]he majority of courts have vacated or set aside as moot a defendant's default on a prior, superseded complaint once the plaintiff's amended complaint becomes the operative pleading 'even if the plaintiff simply repleaded [its] claims against that defendant.' ") (quoting *Anselme v. Griffin*, No. 3:20-cv-00005, 2021 WL 2152512, at *3 (W.D. Va. May 26, 2021)).

Applying these holdings to the case at bar, had the Magistrate Judge granted Mr. Padilla's motion for leave to file an amended complaint, the default judgment previously entered against Huge Music would have been rendered moot. Therefore, the Magistrate Judge's reliance on Federal Rule of Civil Procedure 54(c) to support her rationale was not clearly erroneous or contrary to law, because an amended complaint would foreclose any recovery on the operative pleading, thereby cancelling out the default judgment. Accordingly, we overrule Plaintiff's first objection to the Magistrate Judge's ruling.

## II. Analysis under Federal Rule of Civil Procedure 15(a)(2)

Federal Rule of Civil Procedure 15(a)(2) permits a party to move for leave to amend. Fed. R. Civ. P. 15(a)(2). When a party so moves, the court "should freely give leave when justice so requires." *Id.* However, leave to amend is not an unlimited right, and courts have been allowed "broad discretion" to deny such a motion "where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

In her Minute Entry and Order, the Magistrate Judge explained that Mr. Padilla "had already had the opportunity to amend his pleadings multiple times, . . . [and] he had chosen to pursue default judgment on his Third Amended Complaint as the operative pleading . . . ." Dkt. 65 at 2. Mr. Padilla avers that this represents a misapplication of Federal Rule of Civil Procedure

15(a)(2), because granting him leave to amend did not invoke any of the exceptions set out in Rule 15(a)(2). Dkt. 66 at 4, ¶¶ 9–11. Mr. Padilla further argues that, to the extent that the Magistrate Judge found that granting leave to amend constituted undue delay, that conclusion was insufficient since delay alone does not suffice as a basis to deny a request for leave to amend. Dkt. 66 at 4, ¶ 11.

Mr. Padilla is again mistaken. His assertion that undue delay, standing alone, is insufficient to deny leave to amend is not correct. While delay alone usually is not a sufficient basis on which to deny leave to amend, "the longer the delay, the greater the presumption against granting leave to amend." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (affirming the district court's denial of leave to amend when the motion had been filed fourteen months after the original complaint and would have postponed trial). "Eleventh hour additions . . . [are] bound to produce delays that burden not only the parties to the litigation but also the judicial system and other litigants." *Id.* (citation modified). Here, if allowed, the amended complaint would have rendered Mr. Padilla's third amended complaint moot, and, by extension, the default judgment entered against Huge Music moot as well, thereby setting back the status of this case to the point it was three years prior, when the third amended complaint was filed. Resetting this case to its earlier form would undo all the efforts by the court to bring the dispute to a resolution. In reaching that conclusion, the Magistrate Judge did not act erroneously or contrary to law. Her denial of the motion for leave to amend the complaint was well taken and Plaintiff's objection shall be denied.

Mr. Padilla's final argument—that there is good cause for leave to amend in light of his heart condition and required medical treatment—is also unavailing. He has had more than three years to amend his complaint. Given his various prior amendments and his overall dilatoriness in

prosecuting his claims, no compelling reason exists that warrants the Court's continued procedural indulgences. "[J]ustice does not require an additional bite of the apple." *Huon v. Denton*, 841 F.3d 733, 746 (7th Cir. 2016) (citations omitted).

**CONCLUSION**

Accordingly, we rule that the Magistrate Judge's denial of Mr. Padilla's motion for leave to amend was not clearly erroneous or contrary to law, and we therefore **OVERRULE** Mr. Padilla's objection(s) to the Magistrate's Order. Dkt. [66]. The Denial of Plaintiff's Motion for Leave to Amend the Complaint stands.

IT IS SO ORDERED.

Date: 11/16/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JONATHAN PADILLA
12385 SW 51st Pl.
Cooper City, FL 33330